

Page 1

UNITED STATES TAX COURT

DOCKET NO. 6193-06

**ORIGINAL**

HERBERT E. STUDER and

NANCY J. STUDER,

       Petitioners,

  vs.

COMMISSIONER OF INTERNAL REVENUE,

       Respondent.

---

DOCKET NO. 6194-06

SLATE STUDER and AMY STUDER,

       Petitioners,

  vs.

COMMISSIONER OF INTERNAL REVENUE;

       Respondent.

```
 1    DOCKET NO. 6195-06

 2

 3    SLATE STUDER,

 4            Petitioner,

 5      vs.

 6    COMMISSIONER OF INTERNAL REVENUE,

 7            Respondent.

 8    _____

 9    DOCKET NO. 6196-06

10

11    ESTATE OF CHARLES E. SCHICK,

12    DECEASED, NANCY J. STUDER,

13    EXECUTRIX,

14            Petitioner,

15      vs.

16    COMMISSIONER OF INTERNAL REVENUE,

17            Respondent.

18    _____

19

20
```

```
 1    DOCKET NO. 8847-06

 2

 3    BCS SERVICES, INC.,

 4            Petitioner,

 5       vs.

 6    COMMISSIONER OF INTERNAL REVENUE,

 7            Respondent.

 8    _____

 9    DOCKET NO. 8848-06

10

11    STEVE A. & DEANNE E. BOEHM,

12            Petitioners,

13       vs.

14    COMMISSIONER OF INTERNAL REVENUE,

15            Respondent.

16    _____

17

18

19

20
```

```
 1    DOCKET NO. 1768-07

 2

 3    MARK and BARBARA CURCIO,

 4            Petitioners,

 5      vs.

 6    COMMISSIONER OF INTERNAL REVENUE,

 7            Respondent.

 8    _____

 9    DOCKET NO. 1769-07

10

11    RONALD D. And LORIE A. JELLING,

12            Petitioners,

13      vs.

14    COMMISSIONER OF INTERNAL REVENUE,

15            Respondent.

16    _____

17                  DEPOSITION OF

18            DANIEL EDGAR CARPENTER

19             Monday, June 18, 2007

20            East Hartford, Connecticut
```

```
 1            DEPOSITION OF DANIEL EDGAR
 2    CARPENTER, of Benistar, a witness of
 3    lawful age, taken on behalf of the
 4    Respondent in the hereinbefore-entitled
 5    action, pursuant to Rule 74, before
 6    Walter Rochow, L.S.R. (CT. #004), a
 7    duly qualified Notary Public in and for
 8    the State of Connecticut, held at the
 9    offices of Chief Counsel, 333 East
10    River Drive, East Hartford,
11    Connecticut, on Monday, June 18, 2007,
12    at 11:25 o'clock a.m.
13
14
15
16
17
18
19
20
```

```
 1    A P P E A R A N C E S:

 2

 3       On behalf of the Petitioners:

 4

 5          WORMSER, KIELY, GALEF & JACOBS, LLC

 6          825 Third Avenue

 7          New York, New York 10022

 8          BY:  IRA B. STECHEL, ESQ.,

 9               of Counsel

10

11

12       On behalf of the Respondent:

13

14          CHIEF COUNSEL'S OFFICE

15          INTERNAL REVENUE SERVICE

16          One Newark Center

17          Suite 1500

18          Newark, New Jersey 07102

19          BY:  BRIAN E. DERDOWSKI, JR., ESQ.

20
```

```
 1    ALSO PRESENT:

 2

 3            JACK E. ROBINSON, ESQ.

 4            Attorney for Benistar and

 5            Daniel E. Carpenter

 6            2187 Atlantic Street

 7            Stamford, Connecticut 06902

 8

 9            HALLORAN & SAGE, L.L.P.

10            Attorneys for Daniel E. Carpenter

11            One Goodwin Square

12            225 Asylum Street

13            Hartford, Connecticut 06103

14            BY:  WILLIAM J. McGRATH, JR., ESQ.,

15                 of Counsel

16

17

18

19

20
```

```
 1      Boehm, docket number 8848-06.

 2                Mark and Barbara Curcio,

 3      1768-07.

 4                And Ronald D. And Lorie

 5      A. Jelling, docket number 1769-07.

 6                I see the purpose of the

 7      deposition is about the Benistar 419

 8      Plan with regard to cases before the

 9      tax court. We are doing the

10      depositions while the appeal is being

11      considered by the IRS appeals office,

12      so the clarifications we have here

13      today can be useful in what appeals

14      considers in their review.

15

16

17              DIRECT EXAMINATION

18

19      BY MR. DERDOWSKI:

20  Q.  I did not request that you bring any
```

```
 1      document here today as part of this
 2      deposition.  It is my hope that by
 3      conducting this deposition, we can
 4      reduce and refine perhaps both
 5      parties' expectations of documents
 6      that we may need at a later date from
 7      Benistar or from yourself.
 8                  To be clear, either
 9      respondents or petitioners may at some
10      point in time in the future be seeking
11      or requesting documents from Benistar
12      or from yourself, sir.
13                  Our discussion today is
14      on the record, which means that a
15      court reporter is recording the
16      interview and creating a written
17      transcript like a court proceeding.
18                  Have you ever had your
19      deposition taken before?
20   A. Yes.
```

```
 1    Q.   How many times, approximately?
 2    A.   I will say a handful of times; six
 3         times.
 4    Q.   Do you understand that the questions
 5         and answers are being recorded?
 6    A.   Yes.
 7    Q.   I know that I don't have to, but I
 8         will remind you that your answers need
 9         to be verbal so they can be taken down
10         and recorded by the court reporter.
11         He can't necessarily record nods.
12    A.   I understand.
13    Q.   Some of my questions are bound to be
14         confusing and unclear.  When that
15         happens, I would like you to stop me
16         and ask me to clarify my question or
17         to break it down into subcomponents or
18         something else.
19                   If you answer a
20         question, we are going to assume that
```

```
 1      you understood the question.  That is
 2      why it is so important that you ask
 3      for clarification of a question if you
 4      don't understand it.
 5                  If you don't know the
 6      answer with certainty, that's fine,
 7      you can answer the question to the
 8      best of your ability.  If you are
 9      uncertain or if you have a doubt,
10      please indicate that so that we can
11      properly judge your answer in the
12      context of the question.
13                  Do you understand?
14   A. Yes, sir.
15   Q. If you would like to take a break at
16      any time, please let me know, and
17      we'll take a break.  Also we have
18      water and orange juice here on the
19      table for you and we have a rest room
20      on the floor.  I can show you where
```

```
 1        that is.  Downstairs we have a
 2        cafeteria, which, when we break, you
 3        can get whatever refreshments you
 4        wish.
 5                    Do you have any
 6        questions?
 7   A.   No, not at this point.
 8   Q.   I will confine our efforts today to
 9        exploring questions about the Benistar
10        419 Plan, and the Benistar 419 cases
11        that are docketed in the tax court.  I
12        do not intend to reach into other
13        areas which may involve Benistar.
14                    If you have any
15        questions about the distribution of
16        the questions, we will have an
17        off-the-record chat.  I will be
18        amenable to rephrasing the questions
19        so they will be consistent so they are
20        in agreement with the purpose for
```

```
 1        which we have agreed to do the
 2        deposition here today.
 3                    Do you understand that?
 4   A.   Yes.
 5   Q.   If you would like to talk with your
 6        attorneys at any point in time today
 7        during the deposition, that will be
 8        fine.
 9                    What I would like to ask
10        you is if you are in the middle of
11        answering the question, would you
12        please go ahead and finish answering
13        the question before you confer.  If I
14        have asked you a question and you feel
15        that you need to confer before that
16        question is answered, that's fine.
17        Okay.  But what I want you to do is to
18        indicate that, or your counsel to
19        indicate that, and we can take a pause
20        and go off the record so that you can
```

```
 1                AGENCY CERTIFICATE

 2

 3           We hereby certify that a

 4      Notary Public, in and for the State of

 5      Connecticut, duly commissioned and

 6      qualified to administer oaths, swore in

 7      DANIEL EDGAR CARPENTER, witness.

 8

 9           We further certify that the

10      foregoing deposition was taken

11      stenographically by a representative of

12      our firm in the presence of counsel and

13      reduced to typewriting under our

14      direction, and the foregoing is a true

15      and accurate transcript of the

16      testimony.

17

18           We further certify that we are

19      neither of counsel nor attorney to

20      either of the parties to said suit, nor
```

1    are we an employee of either party to
2    said suit, nor are we interested in the
3    outcome of said cause.
4
5              Certified by Cunningham
6    Services this __9__ day of _July_,
7    2007.
8
9
10   _Cunningham Services_
11   CUNNINGHAM SERVICES