IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 3:09-mc-00272-VLB |
| ) | |
| WAYNE BURSEY, as OFFICER/ ) | |
| DIRECTOR of NOVA BENEFIT PLANS ) | |
| LLC, ) | |
| ) | |
| Respondent. ) | May 7, 2010 |

### UNITED STATES' RESPONSE IN OPPOSITION TO RESPONDENT'S EMERGENCY MOTION TO STAY EXECUTION OF SEARCH WARRANT ISSUED BY THIS DISTRICT

Respondent seeks, in this <u>civil</u> lawsuit, to quash a search warrant sought in connection with a <u>criminal</u> investigation. This suit involves whether Respondent must comply with an IRS summons issued in the course of a <u>civil</u> investigation.[1] Respondent also seeks an order preventing any information seized during the execution of the search warrant from being shared with any IRS civil personnel. Last, Respondent seeks a stay of this proceeding until any parallel criminal proceeding is concluded. Respondent's requests are meritless, and its motion should be denied.

---

[1] Respondent sought to stay the execution of a search warrant issued by Magistrate Judge Smith as the Criminal Investigation Division of the IRS executed it, filing its "emergency motion" on the same day that the Criminal Investigation Division of the IRS executed the search warrant. Because the IRS completed execution of the search warrant, Respondent's request for relief would appear to be moot. Regardless, as discussed further below, if Respondent seeks to challenge the propriety of the search warrant, it cannot do so in this civil lawsuit.

-1-

If it seeks to challenge the propriety of the search warrant, Respondent must challenge the search warrant in another action, not through this civil lawsuit. Any issues presented by the search warrant will then be squarely before the Court and the Government attorneys responsible for seeking the search warrant will be able to participate in defending the search warrant. In fact, Respondent's sister organization – Benistar Admin Services, Inc. – has already filed a motion under Fed. R. Crim. P. 41(g) seeking to have the seized property from the search warrant returned. *Benistar Admin. Servs., Inc. v. Commissioner*, 3:10-mc-60-VLB (D. Conn.). The undersigned attorney for the Government, however, is employed with a civil trial section in the Department of Justice's Tax Division. The scope of his representation goes only to pursuing enforcement of an IRS administrative summons issued in the course of a civil investigation into whether Respondent promotes tax schemes and should be assessed civil tax penalties.

Respondent also seeks an order from this Court to prevent the IRS Criminal Investigation Division from providing any documents to the IRS agent conducting a civil investigation into Respondent.[2] While this request seems meritless, it, like the issue of whether the search warrant should have been issued, this issue must be resolved in a forum other than this lawsuit. The Assistant United States Attorneys responsible for any criminal investigation can defend the Government's interests in

---

[2] "[I]t is generally accepted that related IRS criminal and civil proceedings may be pursued simultaneously and that information may be shared between the divisions, absent a showing of bad faith on the part of the IRS." *In re Grand Jury Subpoena*, 920 F.2d 235, 240 n. 5 (4th Cir. 1990).

the proper forum, especially since those inquiries are largely fact-driven and related to the criminal investigation.  *See In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996).  This civil case concerns whether Respondent must comply with the IRS administrative summons.  To that end, the Government and Respondent have filed briefs (Docs. # 1-1, 12, 18, 19) discussing whether Respondent met its "heavy burden" to disprove Government's *prima facie* case that it met the requirements for enforcement under *United States v. Powell*, 379 U.S. 48 (1964).  *United States v. White*, 853 F.2d 107, 111-12 (2d Cir. 1988).

Respondent also seeks a stay of these civil proceedings because it speculates that it is the subject of a parallel criminal investigation.  Respondent also addressed this issue in its response to the Government's petition to enforce the administrative summons, speculating that a referral against Wayne Bursey (and his counterpart, Daniel Carpenter) must have been made to the Department of Justice within the meaning of 26 U.S.C. § 7602(d). (Doc. # 18).  The Government provided a declaration from Julio La Rosa, a Special Agent in Charge with the IRS Criminal Investigation Division, that showed that no such referral has been or is in place.  (Doc. # 19-1).  Consequently, a stay is unwarranted and the Court should enforce the summons against Respondent as argued in the Government's petition and response.  (Docs. # 1-1, 19).

**Respondent selected the wrong forum to raise these issues. Further, as argued in the Government's briefing on the petition to enforce the administrative summons, a stay is not warranted.**

**Dated: May 7, 2010.**

Respectfully submitted,

NORA DANNEHY
Acting United States Attorney

<u>s/ James C. Strong</u>
JAMES C. STRONG (phv 02268)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9953
Facsimile: (202) 514-6770
Email: james.c.strong@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing was filed with the Clerk of the Court electronically today, May 7, 2010, such that a service copy was sent by way of the electronic filing system to all counsel who have arranged for electronic service of filings.

        s/ James C. Strong
        JAMES C. STRONG (phv 02268)
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 7238
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-9953
        Facsimile: (202) 514-6770
        Email: james.c.strong@usdoj.gov