```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,        :
                                 :
     Petitioner,                 :
                                 :
     v.                          :    CASE NO. 3:08MC111(RNC)
                                 :
DANIEL E. CARPENTER, as          :
chairman of Benistar, Ltd.,      :
                                 :
     Respondent.                 :
```

             RECOMMENDED RULING ON PETITION
           TO ENFORCE IRS ADMINISTRATIVE SUMMONS

Pending before the court is the government's petition to enforce the Internal Revenue Service ("IRS") administrative summons ("Carpenter summons") issued in September 2004 to the respondent, Daniel E. Carpenter, chairman of Benistar, Ltd. (Doc. #1.)  District Judge Robert N. Chatigny referred the petition to the undersigned for a recommended ruling.  (Doc. #3.)  For the reasons set forth below, the court recommends that the petition be granted.

   A.  Background

   According to the declaration of Revenue Agent Charles Clark, the IRS is investigating whether Carpenter and his related companies (collectively, "Benistar") promoted an abusive tax shelter in violation of 26 U.S.C. § 6700 by telling potential clients that contributions to two of Benistar's

employee welfare benefits plans ("Plans") were tax deductible.[1]
(Doc. #1, Ex. 2.) In December 2003, the IRS issued an
Information Document Request to Carpenter. He replied with
written responses and objections. (Doc. #13, Ex. 10.) In April
2004, the IRS issued an administrative summons directing
Carpenter to appear at a deposition in September 2004 and to
bring certain records for examination. (Doc. #1, Ex. 2 at 8-
16.) Carpenter did not appear and sent written objections to
the summons requests. (Id. at 17-26.) Agent Clark avers that
the IRS obtained some (but not all) of the summoned records from
Carpenter and obtained additional records by issuing third-party
summonses to banks that held the Plans' accounts. (Id at 5-6.)

Benistar challenged the third-party summonses in several
venues. In the Southern District of New York, Benistar entities
moved to quash a summons served on JP Morgan. Judge Miriam
Goldman Cedarbaum held extensive oral argument (see Hearing Tr.,
doc. #13, Ex. 2 and 3) before denying the motion to quash and a
subsequent motion for reconsideration, and the Second Circuit

---

[1] Section 6700 imposes certain penalties on a person or company that organizes or participates in the sale of an investment plan and who makes a "false or fraudulent" statement as to "the allowability of any deduction . . . by reason of . . . . . participating in the plan . . . ." 26 U.S.C. § 6700(a). In this case, the investigation concerns how Benistar marketed two welfare benefits plans, the Benistar 419 Plan & Trust and the Severance Trust Executive Program & Trust. The IRS is investigating what Benistar told its clients, amounts of deductions taken by employers participating in the Plans, and whether the Plans qualified for deductibility of contributions.

2

affirmed. Benistar 419 Plan Services, Inc. v. United States, No. 04cv4308, 2004 WL 2601274 (S.D.N.Y. October 26, 2004), aff'd, 144 Fed. Appx. 902 (2d Cir. 2005). Similarly, in the Eastern District of Pennsylvania, Benistar entities moved to quash a summons served on Wachovia Bank. Judge Charles R. Weiner denied their motion to quash "for the reasons stated from the bench by Judge Cedarbaum in the companion case." Benistar 419 Plan Serv., Inc. v. United States, No. 04cv2494, 2004 U.S. Dist. LEXIS 29744, *1 (E.D. Pa. Dec. 22, 2004).

In the District of Connecticut, Benistar entities moved to quash a summons issued on Hartford Life. Magistrate Judge Joan Glazier Margolis recommended denial of the motion to quash, finding that the motion was barred by collateral estoppel, having been previously litigated before Judge Cedarbaum, and that Benistar would not prevail on the merits regardless. Benistar Employer Serv. Trust Co. v. United States, No. 3:04cv2197(JBA), 2005 WL 3429423 (D. Conn. May 12, 2005). The recommended ruling was adopted, 2005 WL 3429409 (D. Conn. Aug. 19, 2005), and the Second Circuit affirmed, 184 Fed. Appx. 93 (2d Cir. 2006).

In April 2008, the government filed the pending petition seeking enforcement of the Carpenter summons with respect to outstanding records not in the possession of the IRS. (Doc. #1.)

3

B.  Legal Standard

Pursuant to 26 U.S.C. § 7602(a), the IRS may in good faith issue a summons in order to determine, inter alia, the liability of any person for any internal revenue tax and collect any such tax liability.  The validity of a § 7602 summons is determined as of the date it was issued.  In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 16 (2d Cir. 1962), cert. denied, 373 U.S. 902 (1963).  To establish that a summons has issued in good faith, the IRS must demonstrate prima facie that (1) the investigation has a legitimate purpose; (2) the material sought is relevant to that purpose; (3) the material sought is not already within the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been satisfied.  United States v. Powell, 379 U.S. 48, 57-58 (1964).

Once the IRS has made the prima facie showing, the burden shifts to the respondent to "disprove one of the four Powell criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process."  Adamowicz v. United States, 531 F.3d 151, 156 (2d Cir. 2008) (internal quotation marks omitted).  This "heavy" burden requires the taxpayer to "disprove the actual existence of a valid civil tax determination or collection purpose by the IRS."  Id.  An abuse of the court's process occurs "if the summons ha[s] been issued for an improper purpose, such as to harass the

4

taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58.

C. Discussion

The government's affidavit (doc. #1, Ex. 2 at 1-7) establishes prima facie that the summons was issued as part of a legitimate § 6700 investigation of Benistar, that the summoned records were relevant to the investigation, that the IRS does not possess all of the summoned records, and that the IRS complied with the proper administrative steps. See Adamowicz v. United States, 531 F.3d 151, 156 (2d Cir. 2008) (IRS affidavit is sufficient prima facie showing). The burden therefore shifts to Carpenter to disprove one of those four criteria or to demonstrate that enforcement would be an abuse of process.

1. Delay in Enforcement

Noting that nearly four years passed between the date of the summons and the date of the petition, Carpenter contends that the government should be equitably barred from enforcing the summons. (Doc. #12 at 5.) The Second Circuit has held that continued enforcement of a § 7602 summons is proper so long as the taxpayer's liability has not been finally determined. PAA Mgmt., Ltd. v. United States, 962 F.2d 212, 217-18 (2d Cir. 1992). It reasoned that to prevent enforcement of a § 7602

5

summons because of the passage of time "would encourage litigants to resist such summonses wholly for the purpose of delay." In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 16 (2d Cir. 1962). Here, the length of the investigation of Benistar is due in part to Benistar's resistance to various administrative summonses, including litigation in multiple venues and two appeals. There is no indication that the IRS has reached a final determination of Benistar's liability; therefore, continued enforcement of the Carpenter summons is proper.

    2. Improper Purpose

Turning to the first Powell criterion, Carpenter argues that the IRS's investigation is a pretext to discover the identities of Benistar's clients without having to comply with the more burdensome procedures of a John Doe summons.[2] He alleges that if the IRS truly intended to determine the legality

---

[2] A John Doe summons seeks information from unidentified parties and requires additional showings and procedures not required for other third-party summonses. See 26 U.S.C. § 7609(f). "The 'John Doe' summons process requires, among other things, a court proceeding at which the IRS must establish a reasonable basis for believing that a group or class of unidentified persons may fail, or may have failed, to comply with the internal revenue laws. Because unidentified persons have no opportunity to institute proceedings to quash such a summons, § 7609(f) substitutes the Court to 'take[ ] the place of the affected taxpayer' in order to 'exert[ ] a restraining influence on the IRS' through the required findings." Xélan, Inc. v. United States, 397 F. Supp. 2d 1111, 1120 (S.D. Iowa 2005) (quoting Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 321 (1985)).

6

of the Plans, it already could have done so. The government responds that the doctrine of collateral estoppel precludes Carpenter from raising this issue in this proceeding.

> Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment. See Beck v. Levering, 947 F.2d 639, 642 (2d Cir. 1991) (per curiam), cert. denied sub nom., Levy v. Martin, 504 U.S. 909, 112 S. Ct. 1937, 118 L. Ed. 2d 544 (1992). Four elements must be met for collateral estoppel to apply: (1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits.

Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995).

In her recommended ruling on Benistar's motion to quash a third-party summons related to the investigation, Judge Margolis determined that Benistar was attempting to relitigate issues that had been previously litigated in the S.D.N.Y. and E.D. Pa. Benistar actions. She ruled that "the issues of whether the four factors of the Powell test have been satisfied, whether the special John Doe procedures of § 7609(f) were applicable, and whether enforcement of the summons would constitute an abuse of the court's process by inappropriately forcing [Benistar] out of business, are now precluded from further adjudication in this pending Petition." Benistar Employer Serv. Trust Co. v. United

7

States, No. 3:04cv2197(JBA), 2005 WL 3429423, at *4 (D. Conn. May 12, 2005), adopted, 2005 WL 3429423 (D. Conn. May 12, 2005), aff'd, 184 Fed. Appx. 93 (2d Cir. 2006).

Carpenter maintains that issue preclusion does not apply to this proceeding because certain facts have "vitally altered" since Judge Margolis's decision. See Comm'r of Internal Revenue v. Sunnen, 333 U.S. 591, 600 (1948) (where situation vitally altered between time of first judgment and the second, prior determination not conclusive); Montana v. United States, 440 U.S. 147, 159 (1979) ("changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues"). However, the "new facts" alleged by Carpenter were considered in prior proceedings. First, although the summons at issue here is directed to a principal of Benistar as opposed to a third party as in the prior cases, Judge Margolis previously concluded that the identity of the summoned party does not affect the analysis because all of the Benistar proceedings "involve the same underlying IRS investigation" which Benistar is attempting to defeat "by using the same arguments that it previously asserted." Benistar, 2005 WL 3429423, at *4. Second, although one of the IRS declarations in this case made a legal misstatement, this same misstatement was considered by Judge Cedarbaum. Affirming Judge Cedarbaum, the Second Circuit

8

expressly ruled that the misstatement did not invalidate the investigation. See Benistar 419 Plan Serv., Inc., 144 Fed. Appx. at 904. Third, even assuming that the IRS has begun to audit some of Benistar's clients as Carpenter predicted, this does not alter the factual landscape. The Second Circuit affirmed that the client list is relevant to the investigation of Benistar and, therefore, even if another motivation for the summons is to investigate Benistar's clients, the existence of that second purpose does not render the first purpose pretextual. See Benistar 419 Plan Serv., Inc., 144 Fed. Appx. at 904 (2d Cir. 2005) (citing Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 321 (1985)(where summons serves dual purposes of investigating both known and unknown taxpayers, John Doe summons not required)).

In sum, Carpenter identifies no new facts that would render collateral estoppel inapplicable. Because the legitimacy of the underlying Benistar investigation was litigated fully in prior proceedings, Carpenter is precluded from relitigating it here.

### 3. Records in Possession of IRS

Addressing the third Powell criterion, Carpenter argues that the IRS already possesses the requested records. He maintains that he previously produced all the relevant records in response to the 2003 Information Document Request except for the client list, which the IRS subsequently obtained from third

9

parties. In support, he submits a copy of his answers to the 2003 Information Document Request.

"[T]he 'already possessed' exception to the enforcement of Internal Revenue summonses is narrowly construed such that even where some information may be technically in the IRS's possession, if the bulk of the materials summoned is not demonstrably in the possession of the IRS, the summons may be properly enforced." Id., quoting United States v. Linsteadt, 724 F.2d 480, 483-84 (5th Cir. 1984) (quotation marks omitted). Carpenter fails to demonstrate that the bulk of the original summoned materials are in the IRS's possession. Although there may be some redundancy between the summoned documents and documents produced in response to the 2003 Information Document Request, "that in itself does not require a finding that the summonses should be quashed." Adamowicz v. United States, 531 F.3d 151, 159 (2d Cir. 2008). Additionally, production of the client list is still proper even if the IRS already obtained the list from third-party sources. "The IRS is entitled, and it is a legitimate purpose to summon, original documents so as to check their consistency and completeness with those obtained elsewhere." United States v. Administration Co., 94cv2057, 1994 WL 240518 (N.D. Ill. May 31, 1994) (citing United States v. Davey, 543 F.2d 996, 1001 (2d Cir. 1976) ("the government is entitled to use the original records for purposes of

verification rather than be forced to accept purported copies, which present the risk of error or tampering")).  Accord. Cohen v. United States, 306 F. Supp. 2d 495, 504 (E.D. Pa. 2004); Xélan, Inc. v. United States, 397 F. Supp. 2d 1111, 1117-18 (S.D. Iowa 2005).  As a result, Carpenter fails to carry his burden as to the third factor.

    4.  Mootness of Investigation

Carpenter also contends that the summons is moot in light of recent Tax Court rulings regarding the legality of the Plans.[3]  Because the summons issued before the rulings were made, they have no bearing on its validity.  See In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 16 (2d Cir. 1962) (validity of § 7602 summons is determined as of date of issue).  Nor does the substance of the rulings moot the investigation regardless.  The legality of one of the Plans is still at issue, as are the questions of how Benistar promoted the Plans and what penalty it might owe under § 6700.  See, e.g., Benistar 419 Plan Serv., Inc, 144 Fed. Appx. at 903 (2005) (voluntary remedial measures do not moot investigation into Benistar's past violations).

---

[3]The Tax Court determined in 2010 that that one of the Benistar Plans was an abusive tax shelter, McGehee Family Clinic, P.A. v. Comm'r of Internal Revenue, T.C.M. (RIA) 2010-202, 2010 WL 3583386 (2010), and that contributions to the Plans were not deductible as ordinary business expenses, Curcio v. Comm'r of Internal Revenue, T.C.M. (RIA) 2010-115, 2010 WL 2134321 (2010).

### 5. Objections to Specific Requests

Finally, in his original response to the Carpenter summons, Carpenter objects to certain document requests as irrelevant, overly broad and subject to privilege. None of these objections is availing. Carpenter makes no showing with respect to privilege and, as Judge Margolis stated, the court "is not obliged to engage in speculation as to whether a document or portions thereof <u>could</u> be privileged." <u>Benistar Employer Serv. Trust Co.</u>, 2005 WL 3429423, at *7 (emphasis retained). Additionally, a § 7602 summons request is relevant if it "might throw light upon" the matter being investigated. <u>Id.</u>; <u>see also</u> <u>United States v. White</u>, 853 F.2d 107, 112 (2d Cir. 1988). Finally, as to overbreadth, "[t]he judges in this circuit have . . . construed the [IRS] summons power liberally, and allowed it to extend to widely-sweeping document requests." <u>United States v. Arthur Young</u>, 677 F.2d 211 (2d Cir. 1982), <u>aff'd in relevant part</u>, 465 U.S. 805, 813-15 (1984). The requests in the Carpenter summons satisfy these deferential standards.

### D. Conclusion

For the foregoing reasons, the court recommends that the government's petition, doc. #1, be granted.

Any party may seek the district court's review of this recommendation. <u>See</u> 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within

12

fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992). Failure to timely object to a magistrate judge's report will preclude appellate review. Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 31st day of October, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge